UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cr-20488-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUIS ENRIQUE ROSALES-ACOSTA,

    Defendant.
_____/

## ORDER ON MOTION FOR REDUCTION OF SENTENCE

**THIS CAUSE** is before the Court upon Defendant Luis Enrique Rosales-Acosta's ("Defendant") Motion for Compassionate Release Pursuant to the First Step Act and Amendment 822, ECF No. [68] ("Motion"). The Government filed a Response in Opposition, ECF No. [70]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

### I. BACKGROUND

On December 28, 2015, Defendant pled guilty to three counts of Hobbs Act Robbery under 18 U.S.C. § 1951(a) (Counts 1, 3 and 5 of the Indictment); brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii) (count 4); and brandishing and discharging a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A)(iii) (count 6). ECF No. [39]. On December 29, 2015, this Court issued an Amended Judgment sentencing Defendant to a total term of imprisonment of 384 months. *Id*. at 2. This term consisted of time served as to Counts 1, 3 and 5; a term of 84 months as to Count 4 followed by a term of 300 months as to Count

6, to be served consecutively to the term imposed in Count 4. *Id.*[1] Defendant is currently housed at the Gilmer Federal Correctional Institution in Glenville, WV and is scheduled to be released from custody on July 9, 2044.

In the Motion, Defendant requests a reduction in sentence and/or compassionate release. Defendant argues that he is eligible for a reduced sentence under United States Sentencing Guideline § 1B1.13. Guideline § 1B1.13 is the policy statement which details the circumstances that warrant a reduction in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A). Defendant argues he is entitled to a reduced sentence because "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," specifically:

> (6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

ECF No. [68] at 5 (citing U.S.S.G. § 1B1.13(b)(6)).

The Government opposes the Motion, arguing that Defendant failed to exhaust his administrative remedies; there are no extraordinary and compelling reasons warranting release; and Defendant is a danger to the safety of the community under United States Sentencing Guideline § 1B1.13(a)(2). ECF No. [70].

## II.   LEGAL STANDARD

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to

---

[1] The Court then issued a Second Amended Judgment, ECF No. [55], on March 3, 2016, to include criminal monetary penalties.

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction; …

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Pursuant to United States Sentencing Guideline § 1B1.13(a), the court may "reduce a term of imprisonment…" if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

    (1)(A) Extraordinary and compelling reasons warrant the reduction; or
    (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
    (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
    (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(a). Guideline § 1B1.13 sets forth the six circumstances that constitute "Extraordinary and compelling reasons" warranting a sentence reduction, including:

    (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be

> imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

In order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must find as follows:

> *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test . . . . And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020). The defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

### III.  DISCUSSION

#### A.  Administrative Exhaustion

Defendant does not argue that he has exhausted his administrative remedies and does not attach proof or indication of administrative exhaustion, such as a request to the warden asking the warden to file a § 3582 motion on his behalf. ECF No. [68]. The Government responds Defendant has failed to exhaust administrative remedies. ECF No. [70] at 4.

To file a motion for a reduced sentence, Defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

4

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). "The exhaustion requirement is mandatory in the sense that a court must enforce the rule if a party properly raises it." *United States v. Severino*, No. 21-11528, 2023 WL 111234, at *3 (11th Cir. Jan. 5, 2023). "[A] court may not excuse a failure to exhaust." *Ross v. Blake*, 578 U.S. 632, 639 (2016); *see also United States v. Smith*, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020). Defendant includes no evidence of administrative exhaustion in his Motion, ECF No. [68], so the Court cannot determine whether Defendant complied with the mandatory exhaustion requirement. Accordingly, Defendant's Motion to Reduce Sentence, ECF No. [68], must be denied without prejudice for failing to comply with the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [68]**, is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 21, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Luis Enrique Rosales-Acosta
06245-104
Gilmer Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 6000
Glenville, WV 26351